UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
EDISON KING,

                Plaintiff,                               **MEMORANDUM AND ORDER**
                                                                                                18-CV-2921 (PKC)
        - against -

THE BOYS' CLUB OF NEW YORK,

                Defendant.
----------------------------------------------------------x
PAMELA K. CHEN, United States District Judge.

      Plaintiff Edison King, proceeding *pro se*, brings this action against his former employer, The Boys' Club of New York, alleging that he was terminated in violation of the Age Discrimination in Employment Act of 1967, as codified at 29 U.S.C. §§ 621-634 ("ADEA"). The Court grants Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a) solely for the purpose of this Order and dismisses the current Complaint, but grants Plaintiff leave to submit an amended complaint within thirty (30) days of the date this Order.

## STANDARD OF REVIEW

      Under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." *Pro se* complaints are held to less stringent standards than pleadings drafted by attorneys. The Court is required to read the plaintiffs' *pro se* complaint liberally and interpret it raising the strongest arguments it suggests. *Erickson v. Pardus*, 551 U.S. 89 (2007); *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156-57 (2d Cir. 2017) ("[t]he policy of liberally construing pro se submissions is driven by the understanding that implicit in the right to self-representation is an obligation . . . of the court to make reasonable allowances to protect pro se litigants from

inadvertent forfeiture of important rights because of their lack of legal training.") (internal citation and quotation marks omitted).

At the pleadings stage of the proceeding, the Court must also assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 123 (2d Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678(2009)). However, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has facial plausibility when a plaintiff pleads sufficient factual content "that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. 678 (citations omitted). The plausibility standard does not impose an across-the-board, heightened fact pleading standard. *Boykin v. KeyCorp,* 521 F.3d 202, 213 (2d Cir. 2008). Nor does the plausibility standard "require a complaint to include specific evidence [or] factual allegations in addition to those required by Rule 8." *Arista Records, LLC v. Doe 3,* 604 F.3d 110, 119 (2d Cir. 2010). However, the plausibility standard does impose some burden to make factual allegations supporting a claim for relief.

## BACKGROUND

Plaintiff, who is 64 years old and male, submits an employment discrimination form complaint in which he alleges a claim of termination of employment based on his age. (Complaint, Dkt. 1 ("Compl.") at 4.)[1] Plaintiff leaves the facts section of the complaint completely blank, but attaches a copy of his Equal Employment Opportunity Commission ("EEOC") Intake Questionnaire. *Id.*

---

[1] For ease of reference, citations to Court documents utilize the pagination generated by the CM/ECF docketing system and not the document's internal pagination.

**DISCUSSION**

Pursuant to Rule 8(a) of the Federal Rules of Civil Procedure, a plaintiff must provide a short, plain statement of claim against each defendant named so that they have adequate notice of the claims against them. *Iqbal*, 556 U.S. at 678-79 ("[Rule 8] demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."). Moreover, a plaintiff must provide facts sufficient to allow each named defendant to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery. *See Bell Atlantic Corp.*, 550 U.S. at 555 (Rule 8 requires that the plaintiff's pleading "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests") (citation omitted).

The ADEA establishes that it is "unlawful for an employer . . . to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). In order to establish a prima facie case of age discrimination in violation of the ADEA, the plaintiff must show: (1) that he was within the protected age group (more than 40 years old); (2) that he was qualified for his position; (3) that he experienced an adverse employment action; and (4) that such action occurred under circumstances giving rise to an inference of discrimination. *See Gorzynski v. Jet Blue Airways Corp.*, 596 F.3d 93, 107 (2d Cir. 2010) (citing *Carlton v. Mystic Transp. Inc.*, 202 F.3d 129, 134 (2d Cir. 2000)).

Even under the most liberal interpretation of Plaintiff's complaint, he fails to allege facts to support a discrimination claim under the ADEA. *See Littlejohn v. City of NY*, 795 F.3d. 297, 311 (2d Cir. 2015) ("The facts required by *Iqbal* to be alleged in the complaint need not give plausible support to the ultimate question of whether the adverse employment action was attributable to discrimination. They need only give plausible support to a minimal inference of

discriminatory motivation."); *see also Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 87 (2d Cir. 2015) ("a plaintiff must allege that the employer took adverse action against her at least in part for a discriminatory reason, and she may do so by alleging facts that directly show discrimination or facts that indirectly show discrimination by giving rise to a plausible inference of discrimination.").

## CONCLUSION

The Court dismisses Plaintiff's current complaint, but grants him leave to file an amended complaint within thirty (30) days of the date of this Order. Plaintiff is advised that an amended complaint will completely replace the original complaint, must be captioned, "Amended Complaint," and shall bear the same docket number as this Order.

The amended complaint must comply with Rule 8(a) of the Federal Rules of Civil Procedure, provide all relevant dates and include a short, plain statement of facts sufficient to support a plausible claim that his former employer discriminated against him in violation of the ADEA. Plaintiff cannot rely on exhibits or other documents to replace a statement of his claim.

The Clerk of Court is directed to forward an employment discrimination form Complaint and information about the Federal Pro Se Legal Assistance Project to Plaintiff with this Order. No summons shall issue at this time and all further proceedings shall be stayed for 30 days. If Plaintiff again fails to plead sufficient facts in an amended complaint, or if he fails to file an amended complaint within 30 days, he will not have another opportunity to re-plead, and the Court will dismiss the case and enter judgment.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

                SO ORDERED.

                */s/ Pamela K. Chen*
                PAMELA K. CHEN
                United States District Judge

Dated: Brooklyn, New York
    May 22, 2018